**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESPERANZA CARBALLO-NAVARRETE, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | Nos. 17-73022 <br> 19-71866 <br><br> Agency No. A206-848-643 <br><br> MEMORANDUM* |

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted April 20, 2021**

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Esperanza Carballo-Navarrete, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's ("IJ") decision denying her application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

("CAT") (petition No. 17-73022), and the BIA's order denying her motion to reconsider and terminate proceedings (petition No. 19-71866). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo claims of due process violations. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We review for abuse of discretion the denial of a motion to reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petitions for review.

As to petition No. 17-73022, substantial evidence supports the agency's determination that Carballo-Navarrete did not establish past persecution. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) ("An applicant alleging past persecution has the burden of establishing that (1) his treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control."). Substantial evidence also supports the agency's determination that she did not establish a well-founded fear of future persecution. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1186-88 (9th Cir. 2006) (in the absence of any individualized threat, record did not compel a finding that the applicant would be singled out for persecution); *see also Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) (applicant did not have a well-founded fear of future persecution where substantial evidence

supported the agency's finding that he could relocate).  Thus, Carballo-Navarrete's asylum claim fails.

In this case, because Carballo-Navarrete failed to establish eligibility for asylum, she failed to establish eligibility for withholding of removal.  *See Zehatye*, 453 F.3d at 1190.

Substantial evidence also supports the agency's denial of CAT relief because Carballo-Navarrete failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject as unsupported by the record Carballo-Navarrete's contentions that the agency applied incorrect legal standards and ignored evidence.

Carballo-Navarrete's contentions that the agency violated her right to due process fail.  *See Padilla-Martinez*, 770 F.3d at 830 ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice."); *see also Rizo v. Lynch*, 810 F.3d 688, 693 (9th Cir. 2016) (no due process violation where the applicant was "able to reasonably present his case"); *see also* 8 C.F.R. § 1003.10(b) (authorizing the IJ to conduct cross-examination).  Thus, Carballo-Navarrete's request, raised in her opening brief, to remand to the immigration court for a new hearing is denied.

As to petition No. 19-71866, the BIA did not abuse its discretion in denying

Carballo-Navarrete's motion to reconsider and terminate, where her contention that the immigration court lacked jurisdiction over her proceedings is foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) ("[T]he lack of time, date, and place in the NTA sent to [petitioner] did not deprive the immigration court of jurisdiction over her case.").

Thus, the government's motion for summary disposition (Docket Entry No. 12) is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982) (stating standard).

**PETITIONS FOR REVIEW DENIED.**